No. 10,718.

THE COLORADO FUEL & IRON CO. *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided November 5, 1923.   Rehearing denied December 3, 1923.

Proceeding under the workmen's compensation act. Judgment affirming the award of the commission.

## Reversed.

1. WORKMEN'S COMPENSATION—*Dependents—Payment.* An award of compensation, payable monthly, was made to the widow and minor child of a deceased employe. The widow remarried and the employer, without knowledge of that fact, continued to pay her compensation. Held, that the employer was not bound to know of the changed conditions, and was entitled to credit for all payments made.

2.   *Dependents—Rights—Notice.*  Under the provisions of the workmen's compensation act, an employer is not bound to search out the dependents of a deceased employe, nor is the commission. They must appear and make their rights known.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A MONTHLY sum of $43.40, beginning August 21st, 1919, until $3,125.00 should be paid, was awarded by the Industrial Commission, payable by the employer, plaintiff in error, to Selia S. Mondragon, widow of a deceased employee, "one-half for herself and one-half for the sole and separate use of Tom Mondragon," a minor son. The company paid these instalments until August 21, 1922. The

widow, however, remarried in December, 1921, and from that time the minor and not she was entitled to her share of the payments then unaccrued. C. L. § 4429. Each month she signed and made oath to a statement that she was still unmarried and thereby obtained the payment. Even after the company was informed of the marriage she, and her mother in her presence, denied it to the agent of the company. As soon as the company discovered the remarriage it obtained leave to discontinue the payments. The Commission afterwards made a new award directing that future payment be of the whole $43.40 to the benefit of Tom Mondragon, but allowed the company credit for only half of what it had paid the widow for herself after her remarriage, and the district court affirmed this award. Of this the plaintiff in error complains.

The grounds upon which the Commission denied the credit were: (1) That the statute provides that upon remarriage of a widow with dependent child "the entire unpaid balance of compensation shall be paid such child"; that payment to the widow was not payment to the child; and that it was the company's duty to know whether she had remarried; (2) that the award itself provided that the payments should continue until the further order of the commission "or until the right to compensation, as to either of the above named dependents, terminates as provided by law.'" C. L. § 4429; that under this order the company was under no obligation to pay after the widow's right has "terminated as provided by law" on her remarriage; and that the employer's duty was to know that termination.

These arguments are forcible, but they depend on the premise that it is the duty of the employer to know of the termination, which we do not think is true.

C. L. § 4443 reads as follows: "Payment of death benefits to one or more dependents shall protect and discharge to that extent all compensation under this act, unless and until any other person claiming to be a dependent shall have given the commission notice of his claim and until the commission shall have notified the employer or his insur-

ance carrier of such claim.  In such case the commission shall determine the respective rights of the said rival claimants, and thereafter such death benefits shall be paid to such dependents as it may find so entitled, under the provisions of this act."

We think the letter, the spirit and the intent of this section fit the present case.  Payments have been made to one dependent (i. e. the mother).  The "other person," (i. e., the minor with a new right), "claiming to be a dependent" (he certainly does claim to be a dependent) has not yet "given the commission notice of his claim."  The case therefore is within the strict letter of the section.  What was the purpose of this section?  It was, of course, to enable the employer, when an award had been made, to rest upon it and make his payments in safety, secure that other dependents from Bulgaria, China, or the ends of the earth could not appear and say he had paid the wrong person. All the reason, if not the letter, of the section applies with equal force to the present case.  He may pay, secure that new rights conferred upon a payee by the death or remarriage, unknown to him, of some one, perhaps in foreign parts, must be made known to him before he is affected thereby.  The employer is not bound to search out the dependents, nor is the commission.  The dependents must appear and make their rights known.  Here the minor son acquired a new right.  This put him in the same position as to it as he was originally as to all his rights; he must make it known.  Unless and until he does so the employer may safely pay according to the existing order of the commission.

The judgment of the district court is reversed and that court is instructed to direct the commission to credit the employer with all payments made to her before it discovered the widow's remarriage.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.