JOHN HEBRON'S CASE.

Suffolk.    December 13, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Payment by Commonwealth.

Where an employee of one who was a subscriber under the workmen's compensation act, after he had lost the sight of his left eye, received, on November 21, 1919, an injury to his right eye in the course of his employment, as a result of which the sight of his right eye gradually grew less until, on December 3, 1921, its vision was reduced to one tenth of normal vision with glasses, the obligation of the Commonwealth under G. L. c. 152, § 37, to pay one half of the compensation therein directed to be paid to the employee, began on December 3, 1921, and not on a date eleven days after the original injury to the eye when compensation for incapacity first arose.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board that December 3, 1921, was the date upon which the vision in the injured right eye of John Hebron, an employee of Old Colony Breweries, was reduced to one tenth of normal with glasses, and fixing that day as the date upon which the Commonwealth became obligated

to pay one half of the sum of $16 a week compensation to the employee under G. L. c. 152, § 37; and therefore ruling that the treasurer of the Commonwealth reimburse the insurer in the sum of $483.43, being one half of total incapacity compensation, or $8 per week, advanced by the insurer beginning December 3, 1921, to January 30, 1923, the date of the filing of the decision, and that thereafter the Commonwealth and the insurer each pay one half of the total incapacity compensation, to continue subject to the provisions of the statute.

The record stated that the only question raised on review was " as to the date upon which the Commonwealth of Massachusetts should begin the payment of one half of the sum due as total incapacity compensation under G. L. c. 152, § 37." It appeared that the insurer and the Commonwealth agreed that the employee was totally incapacitated. The insurer had paid compensation for total incapacity beginning on December 1, 1919.

In the Superior Court, the case was heard by *Morton, J.,* and a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*E. I. Taylor,* for the insurer.

*J. R. Benton,* Attorney General, *& R. Clapp,* Assistant Attorney General, for the Commonwealth.

The claimant submitted the case without argument or brief.

CARROLL, J. In this proceeding under the workmen's compensation statute, G. L. c. 152, the question to be decided is, the time when payments of one half the incapacity compensation are payable by the Commonwealth under § 37 of the statute. So far as material to this issue, G. L. c. 152, § 37 provides, " Whenever an employee who has previously suffered a personal injury resulting in . . . the reduction to one tenth of normal vision of one eye with glasses, incurs further disability by the . . . reduction to one tenth of normal vision in an eye, by reason of a personal injury for which compensation is required by this chapter, he . . . shall be paid the compensation provided for by sections

thirty-one, thirty-two, thirty-four or thirty-five, in the follow-
ing manner: One half of such compensation shall be paid by
the State treasurer from the fund established by section
sixty-five, and the other half by the insurer." Sections 31,
32, 34, 35 of the statute relate to compensation to be paid in
case of death and to general incapacity compensation. Under
§ 65 certain payments are to be made to the treasurer of the
Commonwealth by the insurance company, and from this
fund the State treasurer is to make the payments upon the
written order of the department for the purposes set forth
in § 37.

The employee, previous to the injury in question, had lost
the sight of his left eye. On November 21, 1919, his right
eye was injured in the course of his employment, as a result
of which the sight of this eye was affected and gradually grew
less, and on December 3, 1921, its vision was reduced to one
tenth of normal.

The Industrial Accident Board found that the Common-
wealth should pay one half the total incapacity compensa-
tion from December 3, 1921. The insurer contends that the
date when the obligation of the Commonwealth to pay this
compensation arose was December 1, 1919, and that the de-
cree of the Superior Court as to reimbursement by the Com-
monwealth to the insurer for payments made by the insurer
beginning December 3, 1921, should be modified so that
such reimbursement should begin with payments made from
December 1, 1919. The case is before us on the appeal of
the insurer.

The obligation of the State treasurer under G. L. c. 152,
§ 37, to pay one half the compensation, arose at the date
when the sight of the employee's right eye was reduced to
one tenth of normal. The liability of the insurer began on
the eleventh day after the employee's injury. G. L. c. 152,
§ 29. The statute providing for this special fund from
which the State treasurer was to make the payment, and the
payment by him, does not direct that these payments should
be made from the eleventh day after the injury. The obli-
gation commences when the " further disability by the loss
or permanent incapacity " by the " reduction to one tenth

of normal vision in an eye '' begins, and as the reduction of the sight of the right eye to one tenth of normal did not begin, within the meaning of the statute, until December 3, 1921, the payments were to be made from that date.

The fund deposited with the State treasurer was not to be used in all cases of total incapacity.   It was limited to the specific cases enumerated, where an employee had previously suffered a personal injury resulting in the loss of a hand or foot, or the loss of sight of one eye, and suffered further disability by the loss of the remaining hand, or foot, or loss of sight, in which event '' he, or his dependents, if death results from the injury '' shall be paid the compensation; and the payments to be made from the State fund were limited to the time when the specific disability occurred. The decree directing payment from December 3, 1921, when the disability took place, and the sight was lost, was right.

*Decree affirmed.*