In the Matter of the Claim of THE INDUSTRIAL COMMISSIONER, Arising Out of the Death of EDWARD W. PEIFFER, Respondent, against UNDERWOOD ELLIOTT FISHER COMPANY and Another, Appellants.*

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1935.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General in Charge; Roy Wiedersum, Assistant Attorney-General,* of counsel], for the respondents.

*Affd., 271 N. Y. 639.

RHODES, J. This court originally affirmed the award herein, the question then presented being that of extraterritorial jurisdiction. (See 243 App. Div. 658.) Later a reargument was ordered for consideration of the question as to whether the award directing payment into the special fund was proper, and upon that reargument the awards were set aside upon the ground that there are " persons entitled to compensation," although such persons have accepted the benefits of the New Jersey Compensation Act and have entered into a satisfactory settlement of a third party action in their behalf. The matter is now before us after the hearing of a second reargument directed for the reconsideration of the question as to whether the awards to the special funds were proper.

The Board has found that the deceased employee left him surviving a widow and a minor son and daughter, and that no claim for death benefits has been filed by any one who might be entitled to make claim therefor. Except hearsay statements, the record discloses no proof that the deceased left a widow or minor children.

It contains a letter addressed to the New York State Department of Labor from attorneys purporting to represent the widow, in which they write that they are counsel for her; that she is not interested in New York compensation, but has accepted the benefits of the New Jersey Compensation Act and has made a satisfactory settlement of a third party action " which was recently prosecuted on behalf of the claimant." It further says, " We are making no claim for New York compensation." A statement to the same effect was made on the hearings by the attorney for the appellants, and the brief for the appellants asserts substantially the same facts and recites that in the settlement of the third party action there was received and recovered from the third party $19,300.

The death of deceased occurred on July 10, 1931, as the result of injuries sustained on July 9, 1931. The award, noticed on May 4, 1933, was affirmed by a decision noticed on April 4, 1934. Appeal was taken on April 18, 1934, and findings of fact, made pursuant to the statute, are dated July 7, 1934. No claim having been filed by the widow within a year, she was barred from an award, and as to her an award was properly made to the two " Special Funds." (*Matter of State Treasurer* v. *W. S. T. Co.*, 233 N. Y. 202; *Breitinger* v. *Seus*, 207 App. Div. 880; *Matter of Chrystal* v. *U. S. Trucking Corp.*, 250 N. Y. 566; *Matter of Barrett* v. *Burnett*, 262 id. 670.)

It does not appear whether the amount recovered in New Jersey is less than the amount of compensation to which the widow and children would have been entitled. If such recovery in the third party action exceeded the value of the amount of possible com-

pensation, the award was properly made to the two "Special Funds," even though the time for filing claim had not elapsed. (*Matter of Treasurer of State of New York* v. *Niagara Falls Power Co.*, 241 N. Y. 521; *Matter of Commissioner of Taxation & Finance* v. *Cox*, 258 id. 540; *Miller* v. *Rochester G. & E. Corp.*, 206 App. Div. 723; *Laird* v. *Sterling Oil Co.*, 207 id. 878; *State Treasurer* v. *Inter-Cities Const. Corp.*, 215 id. 851.)

By section 21 of the Workmen's Compensation Law the presumption is that the claim comes within the provisions of this chapter. The appellants who are resisting the award are, therefore, under the burden of showing facts to establish that the award is improper. No such facts have been proved.

Even if it be possible that there are infants whose claim is not barred because of infancy (See Workmen's Comp. Law, § 115), the appellants have not met the burden of producing evidence to the contrary.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Award affirmed, with costs to the State Industrial Board.