JOHN FALLON'S CASE.

Worcester.    September 22, 1947. — November 28, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Special fund. *Words*, "Covered by this chapter."

An insurer under the workmen's compensation act was not relieved of its obligation to make a payment for a fatal injury into the special fund under G. L. (Ter. Ed.) c. 152, § 65, as amended, by the fact that the legal representative of the deceased employee had settled a claim for the employee's death against a third person who caused the fatal injury.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Giles*, J.

*H. J. Meleski*, Assistant City Solicitor, (*A. M. Hillman*, City Solicitor, with him,) for the city of Worcester.

*W. H. Sullivan*, Assistant Attorney General, (*R. J. Cotter, Jr.*, Assistant Attorney General, with him,) for the Commonwealth.

WILKINS, J. This is an appeal by the city of Worcester from a decree of the Superior Court ordering payment to the State Treasurer of the sum of $500 in accordance with G. L. (Ter. Ed.) c. 152, § 65, as most recently amended by St. 1943, c. 367, which in part reads, "For every case of personal injury resulting in death covered by this chapter, except silicosis or other occupational pulmonary dust disease, when there are no dependents, the insurer shall pay

into the treasury of the commonwealth five hundred dollars. Such payments shall constitute a special fund in the custody of the state treasurer, who shall make payments therefrom upon the written order of the department [of industrial accidents] for the purposes set forth in section thirty-seven."

The reviewing board affirmed and adopted the findings of the single member. John Fallon received an injury arising out of and in the course of his employment as a laborer in the service of the city of Worcester by being struck by an automobile owned by one Wagner. The injury resulted in death, and he left no dependents. The administrator of his estate was paid a sum in full settlement of all claims against Wagner by an insurance company under an automobile liability policy. The city, having accepted the provisions of St. 1913, c. 807, was required to pay the compensation provided by the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 69, as amended. This includes payments into the special fund provided in § 65, as amended. *Hurley's Case*, 302 Mass. 46. *Greenaway's Case*, 319 Mass. 121.

The city contends that it should not be required to make payment in the present case, because the words "covered by this chapter" in G. L. (Ter. Ed.) c. 152, § 65, as amended, make applicable the provisions of c. 152, § 15, as appearing in St. 1943, c. 432, the purpose of which is "to compel the employee to elect whether he will proceed against the person who caused his injury or accept compensation, and if he accepts compensation to preserve for the benefit of the insurer the cause of action against such person." *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631, 632. Accordingly, it is urged that the settlement of the tort claim was an election which precludes payment into the State fund under § 65, as amended. See *Tocci's Case*, 269 Mass. 221, 224; *Miller* v. *Richards*, 305 Mass. 424.

This argument wholly overlooks the purpose of § 65, which is to provide a fund to help pay the compensation for a second serious injury of certain specified types to the same employee. G. L. (Ter. Ed.) c. 152, § 37, as amended

by St. 1937, c. 321. See *Branconnier's Case*, 223 Mass. 273; *Hebron's Case*, 247 Mass. 427, 430. Sections 65 and 37 had their origin in § 1 and § 2, respectively, of St. 1919, c. 272, entitled "An Act to establish a special fund in the custody of the treasurer and receiver general for the purpose of paying additional compensation to certain injured employees." In § 1 of that act the reference was to "every case of personal injury resulting in death, covered by the provisions of chapter seven hundred and fifty-one of the acts of nineteen hundred and eleven and acts in amendment thereof and in addition thereto." In G. L. c. 152, § 65, these words assumed their present form, "every case of personal injury resulting in death covered by this chapter."

The provisions of St. 1919, c. 272, were recommended in the report of a special recess committee on workmen's compensation (Sen. Doc. No. 334, Feb. 1919, pages 12–16, 48), and were based upon a New York statute (N. Y. Laws of 1916, c. 622, § 15, subdiv. 7, as amended by N. Y. Laws of 1917, c. 705, § 3) under which the obligation to make payment to the special fund was absolute and bore no relation to the amount of compensation for the injury resulting in death. *State Industrial Commission* v. *Newman*, 222 N. Y. 363. *State Treasurer* v. *West Side Trucking Co.* 233 N. Y. 202, 205. *Stemffler* v. *J. Rheinfrank & Co.* 190 App. Div. (N. Y.) 163. In recommending the Massachusetts provision, which originally required a payment of $100 to the fund,[1] the special recess committee computed the probable adequacy of the aggregate of such payments by using as a multiplier the total number of deaths of employees, who were covered by workmen's compensation but who left no dependents, which occurred during a five year period. Sen. Doc. No. 334 (Feb. 1919) pages 14–16. Obviously no deduction was then contemplated in any case, including one where the personal representatives of the deceased employee might elect to sue a third person responsible for the death. This legislative purpose was

---

[1] The amount of payment was increased to $250 by St. 1935, c. 395, to $500 by St. 1936, c. 162, and to $1,000 by St. 1937, c. 394, and was reduced to $500 by St. 1943, c. 367.

reasonable, as in every case of death without dependents the insurer receives something in the nature of a windfall. By St. 1939, c. 465, § 3, the Legislature for the first time included in § 65, as amended, an exception in cases of death occasioned by "silicosis or other occupational pulmonary dust disease." The absence of any other exception impresses us as significant.

The words "covered by this chapter" in G. L. (Ter. Ed.) c. 152, § 65, as amended, embrace all deaths of employees by reason of injuries arising out of and in the course of the employment except those occasioned by "silicosis or other occupational pulmonary dust disease."

*Decree affirmed.*