No. 15,993.

MOFFAT COAL COMPANY ET AL. *v.* HILLIARD,
ADMINISTRATOR ET AL.
(190 P. [2d] 907)

Decided February 24, 1948.

Mr. FORREST C. NORTHCUTT, for plaintiffs in error.

Mr. SAMUEL D. MENIN, Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for defendants in error.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the companies, defendant in error Hilliard as the administrator, the deceased as Pappas and the Industrial Commission of Colorado as the commission, respectively.

This is a workmen's compensation case and the ques-

tion presented is the lawful disposition of accrued but unpaid installments when the claimant died leaving no dependents.

██ Pappas, a native of Greece, while employed by the coal company was totally and permanently disabled in an accident arising out of and in the course of his employment and awarded compensation therefor. Payments according to the award were made for some time when on his application he was granted a lump sum of $1,000 to enable him to return to Greece. Thereafter payments continued according to the award at $35.06 per month until that country was occupied by the Axis powers and remittances after July 26, 1940 became impossible. May 20, 1943 counsel for the companies, reciting their·inability to make payments, requested an order authorizing suspension. Complying therewith the commission entered an order "to suspend payment of compensation as of the date of the last payment and until such time as communications are renewed and the whereabouts of the claimant ascertained." Pappas died April 11, 1944 at which time his accrued and unpaid compensation amounted to $1560.60. He left as his heirs three nephews aged respectively 29, 35 and 38 years, all lifelong residents of Greece, but left no dependents, nor does the record disclose any creditors of his estate. The administrator, as personal representative, demanded payment to him of the accrued compensation. The commission so ordered and the award was affirmed by the district court. Assigning that order as error the companies prosecute this writ. They insist that this is a simple case of statutory construction and stand upon the following: "In case said injured employee or claimant leaves no dependents the commission may order the application of any accrued and unpaid benefits up to the time of the death of such employee or claimant, paid upon the expenses of the last sickness or funeral of such decedent as may be ordered by the commission, the preference in such payment to be to funeral expenses." Sec.

336, c. 97, vol. 3, '35 C.S.A. Their interpretation is that under the specified circumstances the commission is without authority to direct payment otherwise than as therein specified. It should be noted, however, that this statute is merely a grant of authority to the commission to do what otherwise it could not, i.e., discharge expenses of last sickness and funeral from accrued and unpaid benefits instead of paying the total to the personal representative. Moreover, the word is "may" not "shall," hence that authority is apparently permissive not mandatory.

Irrespective of adjudicated cases it is our opinion that the validity of the order of the commission here in question is beyond doubt. The companies paid as long as they could pay. When frustrated by the fortunes of war they sought permission from the commission to retain possession of the funds until the avenues of communication had been reopened. Had that transpired while Pappas was living they would have been bound to remit in full. By their own request they were permitted to retain in their possession as trustee for the claimant, or his estate, all the accruals. That the mere circumstance of his death prior to the opening of the avenues of communication authorized them to appropriate the money to which he, or his legal representative, or his heirs and creditors were entitled squares neither with reason nor justice. However, we think this conclusion is amply supported by the reasoning, if not the identical facts, of the following authorities: *Parker v. Industrial Com.*, 87 Utah 468, 50 P. (2d) 278; *Stetu v. Ford Motor Co.*, 277 Mich. 468, 269 N.W. 236. We are not at all convinced to the contrary by *Sorenson v. Six Companies*, 53 Ariz. 83, 85 P. (2d) 980, nor do we find in *Employers' Co. v. Industrial Com.*, 89 Colo. 475, 3 P. (2d) 1079, anything that suggests that we have heretofore held otherwise.

The judgment is affirmed.

MR. JUSTICE HILLIARD not participating.