## UNION STEVEDORING CO. et al. v. WILLARD.

### Civ. No. 11730.

United States District Court
D. New Jersey.

Nov. 6, 1952.

James J. Skeffington, Newark, N. J., for plaintiffs.

Grover C. Richman, Jr., U. S. Atty., Roger M. Yancey, Asst. U. S. Atty., Newark, N. J., for defendant.

FAKE, District Judge.

The statement of this case is so well set forth in the plaintiffs' brief that I cannot improve upon it. I, therefore, adopt it as follows:

### "Statement

"This is a proceeding brought by the plaintiffs, Union Stevedoring Company, the employer, and The Travelers Insurance Company, insurance carrier, against John A. Willard, Deputy Commissioner of Federal Security Agency, Bureau of Employees' Compensation for the Second Compensation District, to review an award of the Deputy Commissioner in which he directed the plaintiffs herein to pay to the Treasurer of the United States the sum of $1,-000.00 pursuant to Section 944(c) (1) of

the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A.

"There is no dispute as to the facts. On or about July 10, 1947, Jesse Brooks, the employee of the plaintiff, Union Stevedoring Company, sustained an injury while working on board a vessel which was afloat in the North River, Jersey City, New Jersey. As a result of the injury sustained, the employee was disabled from July 11, 1947 to September 4, 1947 for which he received 8 weeks compensation. Thereafter and on September 5, 1947, the said employee died in consequence of said injury He was survived by his widow, Anna Brooks, who filed a claim for compensation on September 18, 1947 as the employee's sole dependent. On November 22, 1947, the said Anna Brooks died and prior to her death no award of death benefits had been paid to her. The plaintiffs, having admitted the dependency of the said widow, did, on April 9, 1948 pay to Mary T. Brooks, the duly appointed administratrix of the Estate of Anna Brooks, the sum of $200.00 as funeral expenses of the said deceased employee. No other next of kin made any claim for death benefits.

"On September 20, 1948 the Deputy Commissioner entered the aforesaid award directing the plaintiffs herein to pay to the Treasurer of the United States the sum of $1,000.00 pursuant to Section 944(c) (1) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. It is from this award that the plaintiffs have filed the complaint for review of the said award under Section 921(b), 33 U.S.C.A. which provides that the Deputy Commissioner's order may be set aside 'if not in accordance with law.'"

Plaintiffs argue that payment should not be made into the special fund, under Section 944(c) (1), because there was a person entitled to compensation *at the time of the employee's death.*

Defendant argues that the time element, as mentioned in the statute, relates to the time when the Deputy Commissioner made an order, and at that time there was no person entitled to compensation.

Upon a careful study of the briefs and the cases cited therein I have come to the conclusion that the ruling of the Second Circuit, in Federal Mut. Liability Ins. Co. v. Locke, 60 F.2d 895, at page 897, solves the problem correctly. Judge Augustus N. Hand rules: "Section 44(c) (1) should be interpreted as requiring payment * * * into the special fund only in case there is 'no person entitled * * * to compensation' at the time when dependency is determined—that is, at the time of the injury.'"

If such result is not followed the provision in question would be void for vagueness or uncertainty. The dissenting opinion of Judge Morton, in Employers' Liability Assur. Corp. v. Monahan, 1 Cir., 91 F.2d 130, at page 133, further strengthens my conclusion. To say more would be a vain attempt to improve upon those opinions.

Judgment will be entered for plaintiffs.