## THIRD DEPARTMENT, APRIL, 1953.

## (April 6, 1953.)

In the Matter of the Claim of MARY CHIAPPANO, Respondent, against CITY OF NEW YORK, Appellant, and VOCATIONAL REHABILITATION FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The City of New York, self-insured employer, appeals from an award made by the Workmen's Compensation Board in favor of various special funds in the total amount of $1,300, pursuant to the provisions of subdivision 8 of section 15 (as that subdivision read prior to its amendment by chapter 872 of the Laws of 1945), subdivision 9 of section 15 and section 25-a of the Workmen's Compensation Law. The statutes provide that an award may be made to the Commissioner of Taxation and Finance for the special funds in any case of injury causing death, "in which there are no persons entitled to compensation". At the time of the death of the employee, September 2, 1935, he left a mother him surviving who was dependent upon him for support and who was at that time a person "entitled to compensation". However, a third-party action was subsequently instituted and the decedent's mother received the sum of $4,000 as her share of the proceeds of the third-party action. A compensation award having been made in her. favor in the amount of $4.74 per week, the board ordered that the payment of the award be suspended for 822.78 weeks, at the end of which time the proceeds of the third-party recovery would have been exhausted. Upon this basis, the weekly compensation payments were to commence on June 4, 1951. Prior to that date, the mother died. Thereupon the board, after hearing, made an award for the benefit of the special funds, upon the ground that the employer had not been required to make any compensation payments to any person. The award to the special funds was proper. It is now settled that the statutory phrase "no persons entitled to compensation" means that there was no person to whom the employer or the carrier was ultimately

required to pay compensation (*Matter of Industrial Comr.* [*Peiffer*] v. *Underwood Elliott Fisher Co.*, 247 App. Div. 658, affd. 271 N. Y. 639). (See, following the *Peiffer* case, *Matter of Dept. of Taxation & Finance* [*Norris*] v. *Thompson-Starrett Co.*, 271 App. Div. 906.) In view of the affirmance of the *Peiffer* case (*supra*) by the Court of Appeals, the earlier decision of that court in *Matter of Comr. of Taxation & Finance* [*Gleasner*] v. *Gleasner Compressed Air Supply & Equipment Co.* (269 N. Y. 590, affg. 245 App. Div. 343) must be regarded as having been based upon a holding that the policy had been properly reformed to conform to the intention of the parties, so as to exclude the decedent from the coverage of the policy, thus making it unnecessary for the court to consider the question of the propriety of the award to the special funds. *Matter of Comr. of Taxation & Finance* [*Wolfe*] v. *General Elec. Co.* (278 App. Div. 414) must be limited to its particular facts. In that case, the defendant left him surviving a widow and an infant son. A third-party action was brought against a fellow employee of the decedent, apparently upon the theory that the accident had not occurred in the course of the decedent's employment. (Cf. *Matter of Ryan* v. *Sheffield Farms Co.*, 256 App. Div. 867.) The action was settled, without the formal consent of the self-insured employer, for $7,500, of which $2,500 was deducted for attorney's fees and expenses. The remaining balance was less than the amount of the medical, nursing and hospital bills, which totaled over $12,500. If the executrix applied the proceeds of the settlement to the payment of these expenses, as she had the right to do, nothing would be left for the infant son out of the proceeds of the settlement (cf. *Matter of Gruhn* v. *Miller Brown, Inc.*, 275 App. Div. 975). Subsequently, the employer voluntarily sent the widow a check for $5,000 for herself and her son in recognition of the decedent's "years of loyal and able service" but upon the understanding that if any compensation award were ever made against the employer, "this payment would be considered as applicable to such award." The widow filed no claim for compensation but the time to file the infant's claim had not yet run (Workmen's Compensation Law, § 115) and the possibility of an award in favor of the infant was still open, at the time of the board's decision, as the board conceded in its brief in this court. In these circumstances, there was plainly no right to make an award to the special funds on the theory that compensation had not been paid to anyone and that there was no possibility of the employer being required to pay compensation in the future. The decision by this court in the *Wolfe* case (*supra*) was therefore clearly correct on the facts of that case, although some of the dicta in the court's opinion must be disregarded in view of the decisions cited above. Award and decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.