UNION STEVEDORING CO. et al.
v.
WILLARD.
No. 11065.

United States Court of Appeals
Third Circuit.
Argued Nov. 5, 1953.
Decided Dec. 7, 1953.

Herbert P. Miller, Washington, D. C. (Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Ward E. Boote, Assistant Solicitor, Washington, D. C., on the brief), for appellant.

William J. Weliky, Newark, N. J. (James J. Skeffington, Newark, N. J., on the brief), for appellees.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

In this case an employer and its insurer have sought judicial review of a workmen's compensation determination and award in which the hearing commissioner so applied Section 44(c) (1) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 944(c) (1), as to require a payment of $1000 to the United States on account of the death of Jesse Brooks, an employee covered by the Act. The District Court concluded that the award was improper, 108 F.Supp. 258, and the government has appealed.

Section 44(c) (1) requires that "Each employer shall pay [into a special public fund] $1000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death." 44 Stat. 1444, 33 U.S.C.A. § 944(c) (1). The statute provides further that the fund thus created shall be used to defray costs of maintenance of employees during rehabilitation and to compensate totally disabled employees in second injury cases, where only part of the disability is charged against the employer. The application of the quoted provision is controversial here because, although the employee Brooks died leaving a widow entitled to death benefits under the Act, the widow herself died before her compensation claim could be adjudicated. It is agreed that her unadjudicated claim does not survive her. There was no other person entitled to death benefits.[1]

In these circumstances, the deputy commissioner who adjudicated the compensation rights arising out of the death of Jesse Brooks made an express finding as follows: "It is determined that there is no person entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act for the death of the said Jesse Brooks". Pursuant to that finding he directed "that the employer and insurance carrier shall pay to the Treasury of the United States the sum of $1000". The commissioner was right if his determination "that there is no person entitled" should be made as of the date of adjudication. He was in error if his finding should be made as of the date of the employee's death. We hold that his determination was correct.

We think this conclusion is rather clearly indicated by the wording of the statute. However, some statement of our reasoning is called for because federal courts have differed in their construction of Section 44(c) (1). With Employers Liability Assurance Corp. v. Monahan, 1 Cir., 1937, 91 F.2d 130, and Suckowski v. Norton, D.C.E.D.Pa.1935, 16 F.Supp. 677, contrast Federal Mutual Liability Insurance Co. v. Locke, 2 Cir., 1932, 60 F.2d 895, and Terminal Shipping Co. v. Branham, D.C.D.Md.1942, 47 F.Supp. 561, affirmed 4 Cir., 1943, 136 F.2d 655.

In Section 44(c) (1), Congress expressly conditioned a duty to make a certain type of workmen's compensation payment upon a particular administrative determination which, in the necessary sequence of events, could occur only sometime after the industrial injury and death upon which the obligation was founded. In so doing, Congress phrased the controlling clause, "where the deputy commissioner determines that there is no person entitled" so that both verbs appear in the present tense. Such wording strongly suggests that Congress intended that the commissioner make a decisive determination of the entitlement picture as it existed at the time of decision rather than as it had existed at the earlier time of the workman's death. Indeed, if the earlier date had been intended it would have been simpler and more natural to have said merely that payment shall be made into the special fund where an employee dies leaving no survivor of the class legally entitled to compensation for his death. Moreover, as the Court of Appeals for the First Circuit has stated and demonstrated, the legislative model for the provision in question was a similar provision of the New York Workmen's Compensation Law, McK.Consol.Laws, c. 67, § 1 et seq., which was then authoritatively construed by the New York courts in the same manner that we are now construing the federal Act. See Employers Liability Assurance Corp. v. Monahan, supra, 91 F.2d at pages 132, 133.

On the other hand, two arguments have been made which are thought to indicate that the commissioner's deter-

---

1. A funeral expense claim was paid but we think this is irrelevant to the question of the existence of a person entitled to compensation within the meaning of Section 44(c) (1).

mination whether anyone is entitled to death benefits should be made on the basis of whatever compensation rights existed at the time of death rather than at the time of decision. First, it is pointed out that Section 9 of the Act says the questions of dependency shall be determined as of the time of injury. 33 U.S.C. § 909. But entitlement to compensation, the matter dealt with in Section 44, is predicated upon more than dependency. While dependency at the time of the workman's death is usually one prerequisite of entitlement to death benefits, the statute also requires appropriate notice of injury, and timely filing of a claim as well as the survival of the claimant at the time of adjudication. Thus, the only way to decide the question of entitlement is to determine both dependency at the time of death and the course of subsequent events. It follows that the statutory rule as to the time when dependency must exist does not illuminate the present question.

The other argument which has been suggested is this. Section 33 of the Act, 33 U.S.C.A. § 933, provides that after paying compensation an employer shall be subrogated to the rights of the employee or his survivor against any third person who has wrongfully caused the compensable injury. However, this right of subrogation is of no value in the situation in which an injured employee or his survivor has waived his workmen's compensation claim and collected on his tort claim against the third person. If the employer is thereafter required to pay into the special fund under Section 44(c) (1), he has no remedy over against any third person. It is true that under the present law recoupment rights are thus limited. But this does not justify a forced construction of Section 44(c) (1) which would give employers and their insurers a windfall in cases like the present one to protect them in other cases from inability to recoup losses, the risk of which would

in any event have been taken into account in the writing of workmen's compensation insurance.

If it is deemed fair and desirable to enlarge beyond the conventional scope of subrogation the rights of employers to recoup compensation payments from negligent third parties who have caused industrial injury this can appropriately be accomplished by amending Section 933.[2] But this is a matter of auxiliary policy in a statute primarily concerned with the needs of employees and their dependents. It should not affect the construction of a primary provision for financing certain important benefits to injured workmen through payments to be made into a special fund by those employers who are fortuitously relieved of normal obligations to pay death benefits. Compare Fallon's Case, 1947, 322 Mass. 61, 76 N.E.2d 144.

The compensation order in controversy was a proper one. Accordingly, the judgment of the District Court will be reversed.

2. The New York statute now gives the compensation paying employer a right over against the injury causing third person that is not limited by the subrogation concept. N.Y. Laws of 1922, c. 615, amending Section 29.