Moss, S.
The decedent’s widow, as administratrix, has petitioned for leave to compromise an action which she instituted against three defendants for negligently injuring and causing the death of her husband and for the judicial settlement of her account.
The decedent was injured on November 3,1954, while engaged in the service of his employer and died as the result of such injuries on November 30, 1954. The defendants have offered $300 in settlement of the cause of action for the injuries and $13,450 for the wrongful death. Decedent left no assets other than said causes of action. Decedent was survived by his widow and certain adult next of kin. The latter have appeared and concede that the widow is the only person who is entitled to the net proceeds of the settlement. Petitioner has indicated that she will accept the amount offered and seeks the approval of the compromise.
Petitioner alleges that she has paid the funeral expenses of the decedent out of her own funds and will pay out of the proceeds of the settlement the agreed fees of her attorney, a claim for nurse’s services and a claim of the Boyal Indemnity Company (hereafter referred to as Boyal) to the extent of $1,384.90, but petitioner has rejected an additional claim of $2,000 made by Boyal.
Boyal insured decedent’s employer against payments of compensation and benefits under the Workmen’s Compensation Law. Pursuant thereto it paid $1,384.90, for medical and hospital expenses of the decedent. In addition thereto however it was directed by the Workmen’s Compensation Board to pay, and did pay, $500 into the “ vocational rehabilitation fund ” pursuant to subdivision 9 of section 15 of the said law, and $1,500 into the “ fund for reopened cases ” pursuant to subdivision 3 of section 25-a thereof. The Boyal has since filed a lien for the total sum of $3,384.90 against the proceeds of the *706 proposed settlement in the hands of the defendants’ insurance carrier.
The proposed compromise was reached with the aid of the Supreme Court without the ‘1 written approval ’ ’ of the Boyal. The amount offered by the defendants through their insurance carrier is greater than the value of the compensation and benefits to which the widow would have been entitled under the Compensation Law if she had not elected to sue the defendants. The only issue therefore is whether Boyal is entitled to be reimbursed for the additional sums paid into the two mentioned special funds amounting to $2,000.
Under the provisions of section 29 of the Workmen’s Compensation Law, petitioner had the right to sue the tort-feasors in lieu of taking the compensation and benefits provided under the said law. In such case, however, the “ insurance carrier liable for the payment of such compensation * * * shall have a lien on the proceeds of any recovery * * * after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such * * * carrier.” (Italics supplied.)
The amount of $1,384.90 was paid by Boyal for “ medical treatment ” within the intendment of section 29 of the Workmen’s Compensation Law, and therefore Boyal has a lien on the recovery for said amount. However, Boyal’s additional payments of $500 and $1,500 were not payments of compensation or benefits referred to in said section 29 of the Workmen’s Compensation Law, but were payments which were required to be made by Boyal into “ special funds ” under subdivision 9 of section 15 and subdivision 3 of section 25-a of the Workmen’s Compensation Law by reason of the fact that as to this insurance carrier there were “ no persons entitled to compensation ”. (Matter of Chiappano v. City of New York, 281 App. Div. 996; Matter of Industrial Comr. v. Underwood Elliott Fisher Co., 247 App. Div. 658, affd. 271 N. Y. 639.)
With respect to the amount paid by a compensation insurance carrier into the said special funds, the same may be recovered by such insurance carrier directly from the tort-feasor. Such action is in addition to any cause of action which the legal representative of a deceased may have against the tort-feasor. This type of action has been defined by the Court of Appeals to be one for the recovery of a penalty for the benefit of all
*707 injured workmen who come within the class designated by and within the relevant provisions of the Workmen’s Compensation Law in such cases made and provided (Phoenix Ind. Co. v. Staten Is. R. T. Ry. Co., 251 N. Y. 127, affd., 281 U. S. 98; Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305; Commissioners of State Ins. Fund v. Empire Trust Co., 184 Misc. 947; Matter of Vleck v. Parry, 270 N. Y. 371; Matter of Kiriloff v. A. G. W. Wet Wash Laundry, 293 N. Y. 222; Matter of Becker v. Marcy State Hosp., 264 App. Div. 643). On the other hand, the right of a legal representative of a deceased employee to sue the tortfeasor under subdivision 1 of section 29 is for the benefit of the dependents of the deceased employee as provided in sections 130 and 133 of the Decedent Estate Law. (Harrison Structural Steel Co. v. Dean, 182 Misc. 763, affd. 184 Misc. 688.)
The said claim of the Royal Indemnity Company is dismissed. The compromise as set forth in the petition is approved. The claims of the attorney in the agreed percentage, of the nurse, and of the Royal Indemnity Company in the amount of $1,384.90 are allowed. The net proceeds of the settlement are payable to the petitioner. Proceed accordingly.