■ In the Matter of the Claim of COMMISSIONER OF TAXATION AND FINANCE, Respondent, v. KINGSBORO CONSTRUCTION COMPANY, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision in a death case directing payments into the vocational rehabilitation fund and the fund for reopened cases, as required when "there are no persons entitled to compensation". (Workmen's Compensation Law, § 15, subd. 9; § 25-a, subd. 3.) Decedent was electrocuted when construction equipment with which he was working came in contact with, or too close to an overhead wire. In a civil action, his administratrix recovered against the general contractor for the construction of a building project and the sponsor of the project, for failing to furnish decedent a safe place to work; and these defendants had judgment over against the impleaded third-party defendant, a subcontractor which was decedent's employer and is an appellant here, upon the finding that the defendants' negligence was passive, while third-party defendant was actively negligent; all of which appears from the report of the case, i.e., *Moses* v. *City of New York* (15 A D 2d 534, mot. for lv. to app. den. 11 N Y 2d 643). In the case before us, it was properly found that, by reason of the widow's remarriage and the ages of the dependent children, the recovery in the third-party action is in excess of any compensation benefits which might possibly become due. It necessarily follows that, in the language of the statutes above quoted, "there are no persons entitled to compensation"; because

this phrase " includes in its meaning the ultimate failure of the establishment of a liability to pay the benefits to surviving dependents of the deceased." (*Matter of Department of Taxation & Finance* v. *Thompson-Starrett Co.*, 271 App. Div. 906; *Liberty Mut. Ins. Co.* v. *Colon & Co.*, 260 N. Y. 305, 308.) While recognizing this authoritative interpretation, appellants contend that in this case the widow and children *were* " persons entitled to compensation " and, inferentially, received compensation, because appellant carrier was also appellant employer's liability carrier and accordingly paid the judgment awarded the third-parties plaintiff. Appellants would equate such payment to a payment of compensation because the policy not only affords workmen's compensation insurance coverage but, also, according to appellants' theory, and in the words of their brief, insures against " any common law liability to an employee or his dependents for injury arising out of and in the course of his employment." The first and obvious fallacy is that the policy neither covers nor purports to cover any common-law liability *to* an employee or his dependents, because, of course, no such liability exists. The policy furnishes, first, " Coverage A — Workmen's Compensation ", and then the completely separate " Coverage B — Employers' Liability ", covering " damages " which the insured " shall become legally obligated to pay "— obviously to a third party — because of bodily injuries or death sustained by an employee arising out of and in the course of his employment by the insured. Here, there was no recovery by the administratrix against the employer; nor was the payment of the judgment recovered by the third parties a payment of compensation or even a payment under the Workmen's Compensation Law. The fact that this carrier furnished two types of coverage is in no way significant and cannot serve to take this case without the purview of the cases hereinbefore cited. Appellants contend that this is a case of first impression, but the separate and distinct liabilities of an employer subject to third-party suit have long been established (*Westchester Light. Co.* v. *Westchester County Small Estates Corp.*, 278 N. Y. 175) and the circumstance that both liabilities are insured against in the same policy, rather than in two, or not at all, is of no moment. Decision affirmed, with costs to the Workmen's Compensation Board. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.