In the Matter of the DEATH OF Stephen William KILIAN.

FRONTIER AIRLINES, INC., and Niagara Fire Insurance Company, Petitioners,

v.

INDUSTRIAL COMMISSION OF COLORADO, Charles McGrath, as Director of the Division of Labor, and Subsequent Injury Fund, Respondents.

No. 81CA1002.

Colorado Court of Appeals, Div. II.

June 24, 1982.

Rehearing Denied Aug. 5, 1982.

Certiorari Denied Dec. 6, 1982.

Weller, Friedrich, Hickisch & Hazlitt, Jeffrey S. Detlefs, Denver, for petitioners.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for respondents.

BERMAN, Judge.

Petitioners in this workers' compensation case, Frontier Airlines, Inc., and Niagara Fire Insurance Company, seek review of a $15,000 award by the Industrial Commission to the subsequent injury fund. We affirm.

The facts are uncontroverted. The employee, Stephen William Kilian, died on November 24, 1976, as the result of a gunshot wound arising out of and in the course of his employment. He was survived by a widow, a minor son, and two minor stepchildren. These survivors did not file a claim for compensation within the time period prescribed by statute, but instead, as indicated through their attorney, elected to pursue their common law remedies. *See* § 8–51–106(1)(b), C.R.S.1973.

On March 4, 1980, a proceeding was held before a hearing officer. At that hearing the petitioners and the subsequent injury fund were represented; no appearance was made on behalf of the alleged claimants. However, the parties that did appear stipulated to the existence of the survivors. Subsequent to the hearing, it was ordered that the petitioners pay $15,000 to the Division of Labor to be deposited into the subsequent injury fund. The Industrial Commission affirmed the findings of fact and order of the hearing officer.

The workers' compensation act requires that "for every compensable injury resulting in death wherein there are no persons either wholly or partially dependent upon the deceased, the employer or his insurance carrier, if any, shall pay to the division the sum of fifteen thousand dollars, to be deposited with the state treasurer, as custodian, into the subsequent injury fund." Section 8–51–106, C.R.S.1973 (1981 Cum. Supp.). The only issue here is whether the petitioners are required to make a $15,000 payment to the subsequent injury fund under circumstances such as these, where the survivors of the claimant fail to file for compensation within the 3-year statute of limitations.

The petitioners rely upon the pertinent parts of § 8–50–101, C.R.S.1973 (1981 Cum.

Supp.) which establish a rebuttable presumption that a surviving spouse and minor children are presumed dependents of a claimant unless there are specified circumstances which are not in existence here. The petitioners stress that dependency is to be determined as of the date of the injury, § 8–50–105, C.R.S.1973, and that on the date of the injury which resulted in the death of the employee, he had a wife and three children presumed by statute to be dependent. We do not find this argument persuasive.

Colorado has not adopted such a rigid viewpoint of the status of dependency because "conditions constituting dependency may change during [an] intervening period." *McBride v. Industrial Commission,* 97 Colo. 166, 49 P.2d 386 (1935). Furthermore, the dependents must appear and make their rights known during the times prescribed by statute. *See Colorado Fuel v. Industrial Commission,* 74 Colo. 228, 220 P. 498 (1923).

■ Whether dependency exists is a question of fact to be determined pursuant to the claim procedure set out in § 8–52–105, C.R.S.1973. *Tilley v. Bill's Sinclair,* 34 Colo.App. 141, 524 P.2d 314 (1974). Hence, until a claim is filed and established under the procedure, no claim or any dependents exist.

In order to aid the survivors at this determination, they are provided with the statutory presumptions to facilitate their case and assist the Commission in making its determination as to the disposition of the compensation.[1] *See Spoo v. Spoo,* 145 Colo. 268, 358 P.2d 870 (1961); *Moffat Coal Co. v. Hillard,* 117 Colo. 556, 190 P.2d 907 (1948). To hold, as a matter of law, that dependents exist, without following the proscribed procedure, would abrogate the necessity for that procedure.

■ When judicially construing the workers' compensation statute, it is necessary to ascertain the legislative purpose as well as to attempt to harmonize the various sections. *McBride v. Industrial Commission, supra.* "While dependency at the time of the workman's death is usually one prerequisite of entitlement to death benefits, the statute also requires appropriate notice of injury, and timely filing of the claim...." *Union Stevedoring Co. v. Willard,* 209 F.2d 198 (3rd Cir.1953). *Accord McBride, supra.* Here, there was no determination of dependency made by the commissioner pursuant to § 8–52–105(2) because, as per stipulation, no claim was filed and the statute of limitations operates as a bar to the filing of a claim. Section 8–52–105(2), C.R.S.1973 (1981 Cum.Supp.); *Ball v. Industrial Commission,* 30 Colo.App. 583, 503 P.2d 1040 (1972). Consequently, in this instance, where no claim was filed, no dependents exist, and § 8–51–106(1)(b) is triggered for purposes of payment into the subsequent injury fund. *Accord Industrial Commission v. Underwood Ellicott Fisher Co.,* 247 App.Div. 658, 282 N.Y.S. 229 (1935), *aff'd,* 271 N.Y. 639, 3 N.E.2d 462 (1936).

Here, the intent of the statute is to have payments made to the subsequent injury fund in instances where no compensation is paid. *Accord Commissioner of Taxation & Finance v. Kingsboro Construction Co.,* 21 A.D.2d 929, 251 N.Y.S.2d 187 (1964). This legislative purpose is reasonable because, with every compensable injury which occurs without dependents, the insurance carrier receives a windfall benefit. *Fallon's Case,* 322 Mass. 61, 76 N.E.2d 144 (1947).

Other provisions of the statute support this construction. In any compensable injury where the employer or insurance carrier makes payments to a partial dependent, the balance of the sum of $15,000 is to be paid to the subsequent injury fund. Section 8–51–106, C.R.S.1973 (1981 Cum.Supp.). In addition, the statute provides that if pay-

---

1. For example, if a widow presents a claim, the commissioner "shall" consider her to be wholly dependent unless she had received no support from the deceased. Section 8–50–101, C.R.S. 1973 (1981 Cum.Supp.). *Diamond Industries v. Claimants in Death of Crouse,* 41 Colo.App. 541, 589 P.2d 1383 (1978).

ment is made into the subsequent injury fund and dependency is later shown, the division is authorized to refund the payment to the employer or insurance carrier. Section 8–51–106(3), C.R.S.1973.

We, therefore, conclude that here the compensation order was proper.

Order affirmed.

PIERCE and TURSI, JJ., concur.