In the Matter of the Claim of KATHLEEN CAPITELLI, Respondent, v WELLS, RICH, GREEN, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, March 7, 1991

APPEARANCES OF COUNSEL

*Weiss & Wexler, P. C. (Ronald S. Einziger* of counsel), for appellants.

*Robert Abrams, Attorney-General (Iris A. Steel, Jane Lauer Barker* and *Theresa E. Wolinski* of counsel), for Workers' Compensation Board, respondent.

**OPINION OF THE COURT**

HARVEY, J.

Claimant's decedent died in a helicopter crash arising out of and in the course of his employment in October 1984. Claimant, decedent's widow, and decedent's son thereafter received

compensation benefits from October 19, 1984 to November 1, 1985 totaling $14,850. In the meantime, claimant instituted a third-party action against various defendants. This action was later settled, with the consent of the employer's workers' compensation insurance carrier, in the gross sum of $1,430,364, with payments to be. spread out over a period of years. The carrier sent a letter waiving its compensation lien on the settlement. Thereafter, at a Workers' Compensation Board hearing, a Workers' Compensation Law Judge found that because the matter was settled with the carrier's consent and there was no deficiency compensation, the carrier was required to pay $3,000 to the Uninsured Employers' Fund (see, Workers' Compensation Law § 25-a [3]; § 26-a [2]) and $2,000 to the Vocational Rehabilitation Fund (see, Workers' Compensation Law § 15 [9]). The Board affirmed upon review and this appeal by the employer and carrier (hereinafter collectively referred to as the carrier) followed.

■ We affirm. The provisions of Workers' Compensation Law § 15 (9), § 25-a and § 26-a provide generally that when an employer or insurance carrier is not liable to pay directly to dependent survivors because a deceased employee has left no beneficiaries entitled to compensation within the meaning of the applicable statutes, said employer or carrier shall pay $2,000 into the Vocational Rehabilitation Fund and $3,000 into either the Fund for Reopened Cases or the Uninsured Employers' Fund. Significantly, the fact that the deceased employee leaves surviving dependents is not dispositive of the question of whether, at the time of the award, there were beneficiaries entitled to compensation benefits. As we have noted in the past, "[t]he phrase in the statutes, which refers to the nonentitlement of persons to compensation includes in its meaning the ultimate failure of the establishment of a liability to pay the benefits to surviving dependents of the deceased" (Matter of Department of Taxation & Fin. v Thompson-Starrett Co., 271 App Div 906; see also, Matter of Commissioner of Taxation & Fin. v Kingsboro Constr. Co., 21 AD2d 929, 930, lv denied 14 NY2d 490). In cases where a recovery in a third-party action exceeds the value of the amount of possible workers' compensation benefits, an award is properly made to the no-dependency funds since under those circumstances there are no persons entitled to compensation at the time of the award (see, Phoenix Indem. Co. v Staten Is. R. T. Ry. Co., 251 NY 127, affd 281 US 98; Matter of Commissioner of Taxation & Fin. v Kingsboro Constr. Co., supra).

■ Here, although decedent died leaving two dependents who in fact received over $14,000 in benefits, the resulting third-party recovery exceeded the amount of benefits they could ultimately receive which resulted in a lien in the carrier's favor for the amounts already expended and an absence of persons entitled to compensation within the meaning of the statutes. This absence of persons entitled to compensation in turn triggered the carrier's liability to the no-dependency funds *(see, Phoenix Indem. Co. v Staten Is. R. T. Ry. Co., supra,* at 132; *Matter of Commissioner of Taxation & Fin. v Kingsboro Constr. Co.,* 21 AD2d 929, *supra; Matter of Anderson v Metro Decorating Co.,* 4 AD2d 892; *Matter of Industrial Commr. v Underwood Elliott Fisher Co.,* 247 App Div 658, 659-660, *affd* 271 NY 639). Despite the carrier's contentions otherwise, the fact that the carrier waived its lien on claimant's award *(see,* Workers' Compensation Law § 29 [1]) is irrelevant to the question of whether liability to the special funds should be imposed *(see, Matter of Murray v Farmingdale Fed. Sav. & Loan Assn.,* 11 AD2d 452; *Matter of Anderson v Metro Decorating Co.,* 4 AD2d 892, *supra).* As in the case of *Matter of Murray v Farmingdale Fed. Sav. & Loan Assn. (supra),* it is apparent that the carrier in that case waived the lien for its own benefit in order to effectuate a settlement. Here, as a result of claimant's settlement, the carrier paid only $14,850 as opposed to what would have been a liability of approximately $150,000 had there not been a third-party recovery. Moreover, had the carrier not voluntarily waived its lien, it could have been liable for litigation costs in the third-party action pursuant to Workers' Compensation Law § 29 (1). We agree with the Board that the fact that the carrier chose to waive its lien rather than potentially pay counsel fees was purely at the choice of the carrier, and this factor should not be permitted to negate the carrier's obligation to the no-dependency funds.

■ As for the contention that the amendment to Workers' Compensation Law § 29 (1) to provide for apportionment of litigation costs *(see,* L 1975, ch 190) somehow altered the statutory scheme providing for payment to the no-dependency funds, this argument is rejected. As noted by the Court of Appeals in *Matter of Kelly v State Ins. Fund* (60 NY2d 131, 137-138), the purpose for the amendment to this statute was to stem inequities flowing to *claimants* that resulted when carriers formerly benefited from a claimant's third-party recovery without assuming any of the costs of obtaining such recovery

*(cf., Matter of Koutrakos v Long Is. Coll. Hosp.,* 47 AD2d 500, 506, *affd* 39 NY2d 1026; *Kussack v Ring Constr. Corp.,* 1 AD2d 634, 635, *affd* 4 NY2d 1011). There is nothing about the amendment to suggest that its intent was to relieve carriers of the statutory duty to pay into the no-dependency funds where there are no persons entitled to compensation.

The carrier's remaining arguments have been examined and found to be unpersuasive.

WEISS, J. P., MIKOLL, LEVINE and MERCURE, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board.